IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VALENCIA KERN, | ) | CASE NO. 1:13CV01503 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE MCHARGH |
| | ) | |
| v. | ) | **DEFENDANT P.F. CHANG'S CHINA** |
| | ) | **BISTRO, INC.'S REPLY TO** |
| P.F. CHANG'S CHINA BISTRO, INC. | ) | **PLAINTIFF'S RESPONSE TO MOTION** |
| | ) | **FOR SUMMARY JUDGMENT** |
| Defendant. | ) | |

Now comes Defendant, P.F. Chang's China Bistro, Inc. ("P.F. Chang's") by and through undersigned counsel submitting this Reply to Plaintiff's Response to Motion for Summary Judgment.

Defendant asserts the following:

1. Plaintiff's Response contains no substantive argument or evidence to create an issue of fact or law to preclude Summary Judgment for Defendant;

2. Plaintiff's Response and exhibits are another unauthorized filing attempting to reopen discovery;

3. Plaintiff's Response and exhibits fail to establish good cause or excusable neglect to support a finding that Plaintiff is entitled to additional discovery;

4. Plaintiff's Response and exhibits establish only that plaintiff has been aware of potential witnesses, including Defendant's manager, since having been given Mr. Pexa's business card at the time of the accident.

5. Plaintiff's Response affidavit and exhibits contain misleading statements, conjecture and triple hearsay to suggest that testimony exists which could possibly be favorable for plaintiff.

6. Plaintiff's Response must be treated as inadequate to oppose Defendant's Motion for Summary Judgment which should be granted by this court.

Defendant incorporates by reference:

A. Defendant P. F. Chang's China Bistro, Inc's Memorandum in Opposition to Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment (Doc. # 20 filed 12/19/13)

B. Letter of T. Cleary to Magistrate Judge McHargh of Jan. 3, 2014 with exhibits.

Discussion of Defendant's Position:

1.   Plaintiff's Response Contains No Substantive Argument or Evidence to Create an Issue Of Fact Or Law To Preclude Summary Judgment For Defendant

This Court is well aware of the requirements of a Summary Judgment opposition to go forward with admissible evidence in the form of affidavit or testimony. The opposition must demonstrate that an issue of law or fact exists to compel the case to go forward to a jury. Here, plaintiff essentially confesses to a lack of evidence making a plea to the Court to "reconsider its January 14, 2014 ruling" which found, after an extensive hearing, that Plaintiff had "failed to show good cause to warrant additional dispositive motion discovery". (Memorandum and Order 1/14/14 Doc. #24, page 186.) Plaintiff was ordered to file an Opposition to the Motion for

2

Summary Judgment, but has failed to do so. Plaintiff's Response actually contains no substantive argument or admissible evidence to create an issue of fact or law.

2. <u>Plaintiff's Response And Exhibits Are Another Unauthorized Filing Attempting To Reopen Discovery</u>

Plaintiff has failed to seek leave of court to file what amounts to a motion for reconsideration on the issue of additional discovery. Plaintiff was provided with an opportunity to present a brief and exhibits with her initial motion to obtain additional discovery and an extension of the dispositive motion deadline. Not only did plaintiff have the opportunity to provide the Court with file materials, but Plaintiff was also provided a hearing to present documents or other evidence to demonstrate good cause, but failed to do so.

Plaintiff did not ask the Court for permission file additional materials subsequent to the hearing, or immediately following the Order of the Court, but waited another two weeks to file her request for reconsideration.

3. <u>Plaintiff's Response And Exhibits Fail To Establish Good Cause Or Excusable Neglect To Support A Finding That Plaintiff Is Entitled To Additional Discovery</u>

In Plaintiff's Response there is no argument, discussion or attempt to provide this Court with evidence of good cause to permit more discovery which is explained in this Court's Memorandum and Order of January 14, 2014. There is only another attempt to reopen discovery

3

without providing the Court with reason to understand why the requested discovery was not undertaken in a timely manner in the first place.


4.      Plaintiff's Response And Exhibits Establish Only That Plaintiff Has Been Aware Of Potential Witnesses, Including Defendant's Manager, Since Having Been Given Mr. Pexa's Business Card At The Time Of The Accident.


Here, Plaintiff's Response attaches incompetent hearsay email purportedly authored by Plaintiff's adult son, Demetrius Kern. His January 27, 2014 email states "The manager Peter Pexa did come over and give (sic) me his card and apologize...." (Doc # 25-1, page 190). In other words, Plaintiff's own son, a witness to the accident has had in his possession the business card of the manager since the accident. Plaintiff now complains that they did not know of this witness-manager, Peter Pexa, and need to take his deposition.  How can that be true when plaintiff's own son, living with her at the time of her deposition, had Manager Pexa's business card? This is exactly the kind of information which Plaintiff's counsel referenced in the hearing before this Court on January 13, 2014. Counsel was given an opportunity to explain why this information had not been further developed during the discovery, but no reasonable explanation was provided. Now that the same information is contained in an email, the same question must be asked. Why was Mr. Pexa not the subject of a subpoena or deposition notice during discovery?

4

5.    Plaintiff's Response Affidavit And Exhibits Contain Misleading Statements, Conjecture
      And Triple Hearsay To Suggest That Testimony Exists Which Could Possibly Be
      Favorable For Plaintiff

The central concept of the affidavit and exhibits is set forth in the affidavit of counsel:
"5. None of these witnesses were identified in the Defendant's initial disclosures." (Doc #25-1,
page 189). The statement of counsel references "witnesses" but very interestingly fails to identify
exactly who those witnesses may be. Throughout the Response of Plaintiff, the employee of the
defendant who is referenced is Peter Pexa. In fact, this court can readily refer to the Initial
Disclosures of Defendant wherein Peter Pexa is identified as a witness. Plaintiff was also
provided with the incident report of Zürich Insurance which listed employee witnesses Stevens
and Pexa.

Plaintiff's own Initial Disclosures of September 4, 2013 identify the following witnesses:

Peter Pexa – manager of Defendant on the date of the fall;

Dave Montague – an employee at the Defendant on the date of the injury;

Donnell Stevens – an employee of the Defendant on the date of the injury;

The efforts of plaintiff to characterize the defendant's employees as undisclosed witnesses in
order to get additional discovery is simply a misstatement of fact.

It is also stated in that same affidavit that the email transmission from the son of the
Plaintiff indicates that there is a strong possibility "that employees of defendant… have personal
knowledge of the dangerous condition of the floor at the Defendant's premises, the source of that

5

danger and the knowledge of how that danger was created." What the statement in the affidavit actually means is that an interpretation by counsel of hearsay conclusions in an email regarding hearsay statements of a witness, pertaining to hearsay statements of an employee, may possibly lead to testimony of witnesses. The email does not say that Mr. Pexa had knowledge of the dangerous condition, the source of that dangerous condition or how that dangerous condition was created. All of that is simply conjectural interpretation by the author of the affidavit.

6.  Plaintiff's Response Must Be Treated As Inadequate To Oppose Defendant's Motion For Summary Judgment Which Should Be Granted By This Court

The Response of plaintiff completely avoids the mandate issued by this Court for plaintiff to file her Opposition to Defendant's Motion for Summary Judgment. Plaintiff has not requested that this Court extend the deadline for filing an appropriate Opposition. The Response filed by plaintiff is inadequate to create an issue of law or fact concerning the Motion for Summary Judgment. This Court should go forward to consider the Motion for Summary Judgment based upon the law and facts submitted to date.

Respectfully submitted:

_s/ Timothy R. Cleary_
TIMOTHY R. CLEARY (0023883)
Cleary & Associates Co., L.P.A.
5005 Rockside Road, Suite 600
Cleveland, OH 44131
216-573-1776; FAX: 216-573-6933
clearylaw@clearylaw.net

Attorney for Defendant
P.F. Chang's China Bistro, Inc.

6

## CERTIFICATE OF SERVICE

The foregoing was filed electronically on the 4th day of February, 2014. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

<div style="margin-left: 40%;">

*s/ Timothy R. Cleary*
TIMOTHY R. CLEARY (0023883)
Attorney for Defendant
P.F. Chang's China Bistro, Inc.

</div>

6030/004/899
Reply to Opposition to MSJ

7