IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VALENCIA KERN, | ) | CASE NO. 1:13-CV-1503 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| P.F. CHANG'S CHINA BISTRO, INC. | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Defendant. | ) | |

This is a slip and fall negligence case.  Plaintiff Valencia Kern ("Plaintiff" or "Kern") fell and was allegedly injury while dining at a restaurant operated by Defendant P.F. Chang's China Bistro, Inc. ("Defendant" or "P.F. Chang's").  Defendant filed its Motion for Summary Judgment on November 4, 2013. (Doc. No. 17).  Plaintiff filed a Response to Defendant's motion on January 28, 2014. (Doc. No. 25).  Defendant filed a Reply to Plaintiff's Response on February 4, 2014. (Doc. No. 27).

For the reasons set forth below, Defendant's Motion for Summary Judgment is GRANTED.

## I.     FACTS

On March 19, 2011, Kern dined at Defendant's restaurant in Beachwood, Ohio. (Doc. Nos. 1-2, 17).  Plaintiff had visited the restaurant on at least ten occasions in the past. (Deposition of Valencia Kern ("Kern Depo.") at 37:10-22).  On this particular Saturday evening, Kern dined with four other adult guests, including her son, Demetrius Kern, and his friend, Omar Mitchell. (*Id.* at 28-29).  Plaintiff was wearing boots with a two inch heel. (*Id.* at 43:19-23).  The

1

restaurant was crowded that night, with nearly all tables occupied at some point while Plaintiff was present. (*Id.* at 57:20-22).

At the end of the party's dinner, all five patrons, including Plaintiff, stood up.  Plaintiff proceeded to follow Mitchell out of the restaurant, while the remaining members of the party finished a conversation at the table. (*Id.* at 49:16-20).  Plaintiff took approximately 20 steps down an aisle between tables before she fell. (*Id.* at 49:21-25).  Plaintiff stated that her right foot started to slide on a slippery substance, ultimately causing her to fall onto her right hip. (*Id.* at 52:24, 53:2-3, 54:25, 55:1-12).  At the time of her fall, Kern was walking on a wood floor that was part of the dining area. (*Id.* at 50:4-5).  There were rows of tables to Plaintiff's right and left. (*Id.* at 51:17-25).  The area was reasonably lit. (*Id.* at 52:6-8).

Plaintiff stated that a "liquid" on the floor caused her foot to slip. (*Id.* at 57:23-25).  Kern did not identify the liquid more specifically or the liquid's origin, though she speculated that the substance came from some type of food, given the oily nature of the food served by the restaurant. (*Id.* at 58:1-7).  Plaintiff indicated that she did not know how long the liquid was on the floor. (*Id.* at 58:8-19).  She noted that at some point, there were patrons seated at a table near the site of her fall and speculated that the liquid was on the floor when those patrons left the table. (*Id.*).

Soon after the accident, the manager on duty approached Kern and instructed her not to move from where she lay on the floor while an ambulance was called. (*Id*. at 56:6-9).  Plaintiff was treated for approximately 30 minutes at the emergency room before being discharged. (*Id.* at 68:8-12).

## II.    PROCEDURAL HISTORY

Plaintiff filed the present iteration of this suit against Defendant in the Cuyahoga County Court of Common Pleas on May 21, 2013. (Doc. No. 1-1).  The state court's docket indicates that the suit was a "re-filed case." (*Id.*).  Defendant alleges Plaintiff first filed this suit in the Cuyahoga County Court of Common Pleas on July 7, 2011.  Defendant also maintains that during the first suit, discovery was conducted and Plaintiff was deposed on September 14, 2012. A copy of this deposition is attached to Defendant's pending Motion for Summary Judgment. (Doc. No. 17-1).  Defendant recounts that during the prior suit, it moved for summary judgment, after which Plaintiff voluntarily dismissed her claims.

Following the dismissal, Plaintiff refiled her suit in state court on May 21, 2013, as previously indicated herein. On July 11, 2013, Defendant removed the suit to this Court. (Doc. No. 1).  Plaintiff alleges that Defendant was negligent in (1) failing to inspect, monitor, or test for dangerous conditions in the restaurant; (2) failing to warn Plaintiff of the condition in the restaurant when Defendant had notice; and (3) failing to properly or timely take steps to abate the dangerous condition. (Doc. No. 1-2).

On September 5, 2013, the district judge set forth case management deadlines. (Doc. No. 13).  These included an October 28, 2013 deadline for the completion of discovery needed to support or defend dispositive motions, a November 4, 2013 deadline for filing dispositive motions, and a November 18, 2013 deadline for filing oppositions to dispositive motions. (*Id.*). The parties subsequently consented to the jurisdiction of the undersigned magistrate judge. (Doc. No. 15).  A telephone status conference was held on October 28, 2013, during which the parties agreed to a continuance of only the final pretrial and trial dates, which were to be re-set after the filing of dispositive motions.

3

On November 4, 2013, Defendant timely filed its Motion for Summary Judgment. (Doc. No. 17).  Plaintiff failed to file an opposition by November 18, 2013, the deadline set forth in the case management schedule.  On December 18, 2013, Plaintiff filed an Amended Motion for an Extension of Time to respond to the summary judgment motion and included within the motion a request for additional time to conduct discovery. (Doc. No. 18).  Defendant opposed the request for an extension. (Doc. No. 19).  The Court granted Plaintiff the opportunity to reply to Defendant's Opposition.  (Doc. No. 21).  On December 31, 2013, Plaintiff filed her Reply and also filed a Notice of a Discovery Dispute. (Doc. No. 23).

A hearing was held to address Plaintiff's Amended Motion for Extension and the discovery dispute on January 13, 2014.  On January 14, 2014, the Court ruled that Plaintiff failed to show good cause to warrant additional dispositive motion discovery, and denied Plaintiff's request. (Doc. No. 24).  The Court, however, permitted Plaintiff to file an opposition to the motion for summary judgment. (*Id.*).  Additionally, the Court reserved the right to rule on the discovery dispute and any extension of time regarding discovery until after ruling on dispositive motions. (*Id.*).

Although Plaintiff filed a Response to the Motion for Summary Judgment, her brief does not substantively oppose summary judgment. (Doc. No. 25).  Instead, she requests that the Court reconsider its decision to preclude further dispositive motion discovery. (*Id.*).

### III.    LAW & ANALYSIS

### A.  Plaintiff's Request for Reconsideration

Though titled "Response to Motion for Summary Judgment," Plaintiff's opposition sets forth no substantive arguments as to why the Court should deny Defendant's motion. To the contrary, Kern expressly indicates that she is unable to oppose the motion for summary judgment

4

without further discovery.  She requests that the Court reconsider its January 14, 2014 ruling in which it found Plaintiff failed to show good cause as to why dispositive motion discovery should be re-opened.  Plaintiff's Response is, in essence, a motion for reconsideration and should have been filed as such.  Kern did not follow proper procedure in making her request for reconsideration.  Yet, even if she had done so properly, the undersigned concludes that her arguments do not warrant a different outcome.

District courts possess the inherent power to reconsider their interlocutory orders at any time before the entry of judgment. *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991); *Zecotek Imaging Sys. Pte Ltd. v. Saint-Gobain Ceramics & Plastics, Inc.*, No. 5:12-CV-1533, 2014 WL 4245950 (N.D. Ohio Aug. 25, 2014).  "A district court may modify, or even rescind, such interlocutory orders." *Mallory*, 922 F.2d at 1282 (internal citations omitted).  Nevertheless, motions for reconsideration are granted only in rare and unusual circumstances. *Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  A motion for reconsideration is not properly used as an avenue to re-hash old arguments or to advance positions that could have been argued earlier but were not. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).  Generally, there are three situations that justify a court in reconsidering an order: (1) when there has been an intervening change of controlling law; (2) new evidence has become available; or (3) there exists a need to correct a clear error or prevent manifest injustice. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (*citing Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)); *see also Davie v. Mitchell*, 291 F. Supp. 2d 573, 634 (N.D. Ohio 2003).

In the present case, the portion of Plaintiff's brief that requests reconsideration amounts to little more than a recycling of her earlier offerings.  Plaintiff argues that there is a strong

possibility that she would be able to secure the testimony of P.F. Chang's employee Peter Pexa, the manager allegedly on duty the night of her fall.  Plaintiff includes with her Response an affidavit from counsel and an email from her son, Demetrius Kern, in support of the notion that she likely will be able to secure Pexa's testimony.  However, Kern makes no effort to show why such evidence was not previously available. *See Dantz v. Apple Am. Grp., LLC*, No. 5:04-CV-0060, 2006 WL 2850459 (N.D. Ohio Sept. 29, 2006) (denying motion for reconsideration where movant failed to present new evidence that was not previously ascertainable).  Plaintiff also incorporates by reference her previously filed Discovery Dispute and her Reply Brief in Support of her Motion for Extension of Time, both of which were accounted for by the Court in making its earlier decision on the issue of additional discovery.

Moreover, Plaintiff's argument regarding Pexa lacks merit.  On September 4, 2013, Plaintiff disclosed Pexa as a witness in her initial disclosures. (Doc. No. 26-1).[1]  As a result, Kern must have been aware of Pexa's potential as a source of evidence at the beginning of September 2013, if not earlier.  Consequently, she had nearly two months to depose Pexa before the close of dispositive motion discovery.  Despite Plaintiff having knowledge of Pexa well before the close of discovery, Plaintiff did not depose Pexa nor did she request additional time during the discovery period in order to do so.  Plaintiff waited until after dispositive motion discovery had closed, Defendant had filed its Motion for Summary Judgment, and her own deadline for filing an opposition had passed to request additional time and to notify the Court of any discovery-related issues in gathering evidence.  Given that her first suit alleging Defendant was at fault for her fall proceeded through discovery, the Court notes that Plaintiff apparently had a considerable period of time to gather evidence to support her claims.

---

[1] Plaintiff also listed the names of two other P.F. Chang's employees in her initial disclosures, but it appears that these employees were never deposed.

Additionally, a hearing was held in January 2014 to address Plaintiff's request for an extension of time and further discovery.  Plaintiff failed to provide good cause or establish that the failure to act was the result of excusable neglect to justify additional dispositive motion discovery.

At the present juncture, Plaintiff does not point to an argument that was overlooked, provide evidence that could not have previously been submitted, or assert clear error or injustice. Accordingly, to the extent that Plaintiff's Response requests that the Court reconsider its prior ruling, her request is denied.

**B.  Summary Judgment Standard**

Summary judgment is proper where "there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of showing no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).  It can discharge this burden in two ways: by producing evidence to indicate there is no genuine issue of material fact, or by demonstrating that the nonmoving party fails to show sufficient evidence to establish the existence of an element essential to that party's case. *Id.*

If the moving party has met its burden, the nonmoving party "may not rest upon its mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (*citing* Rule 56 and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).  The existence of a mere scintilla of evidence in support of the nonmoving party's position will not defeat a motion for summary judgment.

*Anderson v. Liberty Lobby*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  There must be evidence on which a jury could reasonably find for the nonmoving party. *Id.*

When reviewing summary judgment motions, a court must view the evidence, and the reasonable inferences that can be drawn from such, in a light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587.  A court does not weigh the evidence or render credibility determinations. *Joostberns v. U. Parcel Servs., Inc.*, 166 F. App'x 783, 787 (6th Cir. 2006) (*citing Anderson*, 477 U.S. at 249).

A fairly unusual situation presents itself where the nonmoving party does not respond to the motion for summary judgment.  While the Court generally is free to sustain unopposed motions, this empowerment does not extend to motions for summary judgment. *Rance v. Datavantage, Corp.*, 2008 WL 1899986, at *3 (N.D. Ohio April 28, 2008).  The "district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded.  The Court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged his initial burden." *Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998) (*quoting Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991)); *see also Sutton v. United States*, 1991 WL 590, at *2, n. 1 (6th Cir. 1991) ("Rule 56 requires a court, even where a motion for summary judgment is unopposed, to determine that the moving party has established a right to relief as a matter of law and that no genuine issue of material fact exists before the court can award summary judgment.").

However, this does not mean that "where the nonmoving party fails to respond to the motion for summary judgment, the trial court [must] search the entire record to establish that it is bereft of a genuine issue of material fact." *In re St. Clair Clinic, Inc.*, 1996 WL 6531, at *2 (6th Cir. 1996).  Instead, "a court's reliance on the facts advanced by the movant is proper and

8

sufficient." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 491 (6th Cir. 2000) (*quoting Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992) (citing multiple decisions holding the same)).

As previously recounted herein, Kern's Response does not assert any substantive arguments opposing summary judgment.  Accordingly, the undersigned will treat Defendant's motion as unopposed.

### C. Ohio Premises Liability Law

Ohio law applies to this case.  To establish a claim for negligence, a plaintiff must show: (1) a duty on the part of the defendant to protect the plaintiff from injury; (2) a breach of that duty; and (3) an injury proximately resulting from the breach. *Jeffers v. Olexo*, 43 Ohio St. 3d 140, 142, 539 N.E.2d 614 (1989).  In premises liability cases, the duty owed is determined based on the relationship between the owner or occupier of the premises and the injured party. *Shump v. First Continental-Robinwood Assocs.*, 71 Ohio St. 3d 414, 417, 644 N.E.2d 291 (1994).

Under Ohio law, Plaintiff was a business invitee for the purposes of identifying the duty Defendant owed to her. (Defendant's Brief at 8).  "Business invitees are persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner." *Light v. Ohio University*, 28 Ohio St. 3d 66, 68, 502 N.E.2d 611 (1986).

Business owners owe business invitees a duty of ordinary care to maintain the premises in a reasonably safe condition so that customers are not unnecessarily and unreasonably exposed to danger. *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St. 3d 203, 480 N.E.2d 474 (1985).  However, a business owner is not an insurer of a customer's safety against all types of accidents that may occur on its premises. *Id.*

9

To recover damages in a slip and fall accident as a business invitee, a plaintiff must establish one of the following:

1. That the defendant through its officers or employees was responsible for the hazard complained of; or
2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care.

*Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 477 (6th Cir. 2010) (*quoting Combs v. First Nat'l Supermarkets, Inc.*, 105 Ohio App. 3d 27, 663 N.E.2d 669, 670 (1995)).

**D. Defendant's Motion for Summary Judgment**

P.F. Chang's argues that it is entitled to summary judgment because there is no evidence to identify or explain the reason for Kern's fall. Defendant notes that during her deposition, Plaintiff said she fell on "something," and ultimately stated that she slipped because of a liquid on the floor.  According to Defendant, such averments by Plaintiff demonstrate a lack sufficient knowledge as to the cause of her fall in order to create liability on its part.

Even assuming Plaintiff's assertion that she slipped on a liquid is sufficiently specific, Defendant maintains there exists no evidence that: (1) its employees were responsible for the substance being on the floor; (2) that it had knowledge that a substance was on the floor and it failed to warn; or (3) that the substance had existed for a sufficient length of time to reasonably justify inferring a breach of ordinary care in failing to warn or remove it.

To recover in a slip and fall case, a plaintiff must meet one of the three theories of recovery set forth above—that is, responsibility, actual knowledge, or constructive knowledge. As will be further explained herein, Defendant has shown that no genuine issue of fact exists as

10

to any of these theories.  Accordingly, the Court need not address whether evidence creates a question as to the specific cause of Plaintiff's fall.

Under the first theory of liability, a plaintiff may recover when she establishes that the defendant, through its officers or employees, was responsible for the hazard's existence. Defendant asserts that the evidence does not establish such responsibility.  As Defendant notes, Plaintiff admitted in her deposition that she did not know how the substance she purports caused her fall came to be on the floor. (Kern Dep. at 58:5-7).

With regard to whether P.F. Chang's had actual knowledge, Defendant also asserts that Plaintiff has no information showing that any employee knew the liquid substance was located on the floor prior to her accident.  In her deposition, Plaintiff does not attest that Defendant, or any of its officers or employees, were aware of the substance before she fell, nor is there additional evidence speaking to the issue. (Kern Dep. at 58).

As to constructive knowledge, Ohio courts have held that evidence of how long the hazard existed is required to establish a duty to exercise ordinary care. *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 477 (6th Cir. 2010) (*citing Anaple v. Standard Oil Co.*, 162 Ohio St. 537, 124 N.E.2d 128 (Ohio 1955), *Combs v. First Nat'l Supermarkets, Inc.*, 105 Ohio App. 3d 27, 663 N.E.2d 669, 670 (1995)).  Defendant correctly asserts that the evidence does not show how long the condition existed on the aisle floor prior to the accident.  Although Plaintiff speculated that the substance was left behind by other patrons, she did not provide information as to how much time passed between their departure and her fall, or any more specific evidence indicating how long the substance was on the floor. (Kern Dep. at 58:8-20).

## IV.     CONCLUSION

For the foregoing reasons, the undersigned DENIES Plaintiff's request to reconsider and

GRANTS Defendant's Motion for Summary Judgment.

IT IS SO ORDERED.

<u>/s Kenneth S. McHargh</u>
Kenneth S. McHargh
United States Magistrate Judge

Date:  <u>September 16, 2014.</u>